**Order entered February 17, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-22-00139-CR

### KEPHREN MARCUS THOMAS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

### On Appeal from the 283rd Judicial District Court
### Dallas County, Texas
### Trial Court Cause No. F20-36078-T

## ORDER

We **REINSTATE** this appeal.

On November 7, 2022, the Court granted appellant's motion to abate this appeal to allow the trial court to conduct a hearing to address numerous problems with the exhibits to the reporter's record and a missing jury charge from the clerk's record.

In his motion to abate, appellant contended State's Exhibits 314, 317, 344, 486, and 497 and Defense Exhibits 92 and 125 had not been filed with the

reporter's record because they were reportedly uncopiable. Appellant contended State's Exhibit 407, filed as a compact disc with the Court, is unplayable. Appellant contended State's Exhibits 336, 338 and 447, and Defense Exhibit 118 were missing from the record. Appellant further reported that State's Exhibits 348 and 349 and Defense Exhibit 107 appeared to be mislabeled. Finally, appellant noted that the Dallas County District Clerk had not supplemented the clerk's record with the jury charge on punishment and jury punishment verdict as previously ordered.

The Court's November 7, 2022 order directed the trial court to make findings regarding the issues with the record appellant had identified. The Court's order also requested findings on other issues identified by the Clerk of the Court. The Clerk had determined that the compact disc filed of State's Exhibit 345 was unplayable and the court reporter had not filed State's Exhibits 335, 337, 339, 340, 341, 342, and 343 in proper electronic form as pdf documents placed into a volume, text searchable, and bookmarked as directed by the Clerk. Instead, the court reporter had submitted the exhibits as compact discs and filed a September 15, 2022 letter requesting reconsideration of electronic submission on the ground such documents are voluminous and only small excerpts from each disc was used at trial.

The Court's order requested findings from the trial court as to whether the parties could agree to produce in electronic form only a limited selection of documents from State's Exhibits 335, 337, 339, 340, 341, 342, and 343 with the remainder being filed on compact discs. In the event the parties could not agree to the more limited electronic production, the Court ordered the court reporter to file the exhibits in electronic form.

On December 7, 2022, pursuant to the Court's order, the trial court conducted a hearing on the state of the record. The trial court entered a December 7, 2022 order styled "Findings and Order" that included findings on the various disputed exhibits. The trial court's Findings and Order was included in a supplemental clerk's record filed on December 9, 2022.

The trial court separated its findings into four categories. The initial category of findings concerns the missing punishment-stage jury charge and punishment verdict. In findings no. 1–3, the trial court found that (1) the original jury charge and verdict on punishment had been lost, (2) the State has a final draft of the punishment jury charge that accurately reflects the copy submitted to the jury, and (3) the final draft charge does not reflect the verdict. The trial court ordered that the final draft be submitted to the clerk for inclusion in the supplemental record.

In its second category of findings, the trial court entered findings numbered 4 through 18 for what it defined as the "Problem Exhibits." The court found as follows:

4. The reporter's record should contain State's exhibits 314, 317, 336, 338, 344, 345, 407, 447, and 486.

5. There is no State's exhibit 497. State's exhibit 487, as originally submitted, was on an encrypted disc. The State has made accurate copies on an unencrypted disc to tender to the court reporter for submission to the court of appeals, and for [appellant's] appellate attorney.

6. The issue with State's exhibits 314 and 317 was the size of the disc. These exhibits can be copied to a disc with sufficient capacity and submitted to the court of appeals. The court reporter has made such copies and is ordered to submit them to the court of appeals.

7. State's exhibit 336 and 338 can be submitted in electronic form as text-searchable, bookmarked pdf documents in a volume.

8. State's exhibit 344 is a Blue Ray disc, playable in a Blue Ray player. It cannot be modified. The parties agree to submit the original exhibit to the court of appeals. The State will provide a copy to the defendant's appellate attorney.

9. State's exhibit 345 is a .kmz file on a disc. It can be opened in Google Maps or Google Earth, but it cannot be modified. The parties agree to submit the original exhibit to the court of appeals.

10. After multiple attempts, the court reporter could not make a copy of State's exhibit 407. The parties agree to the court reporter submitting the original exhibit to the court of appeals.

11. State's Exhibit 447 is already included in the record currently before the court of appeals.

–4–

12. After multiple attempts, the court reporter could not make a copy of State's Exhibit 486. The parties agree to the court reporter submitting the original exhibit.

13. The record should contain defense exhibits 92, 118, and 125.

14. After multiple attempts, the court reporter could not make a copy of Defense Exhibit 92. The parties agree to the court reporter submitting the original exhibit to the court of appeals after providing the defendant's appellate attorney with the opportunity to view the exhibit.

15. The court reporter has copied the file from the thumbdrive submitted as Defense Exhibit 118. The court reporter will attempt to submit the copy as a download through the portal. If it cannot be submitted as a download, the court reporter will send the original exhibit to the court of appeals.

16. After multiple attempts, the court reporter could not make a copy of Defense Exhibit 125. The parties agree to the court reporter submitting the original exhibit to the court of appeals after providing [appellant's] appellate attorney with the opportunity to view the exhibit.

17. Appellant timely requested the reporter's record.

18. No exhibits have been lost or destroyed.

In its third category of findings, the trial court entered findings numbered 19 through 21 for what it defined as the "Mislabeled Exhibits." The trial court found that the exhibits labeled as State's Exhibits 348 and 349 and Defense Exhibit 107 in the record accurately reflect the exhibits with those designations entered at trial.

Finally, in a fourth category of findings, comprised only of finding 22, the trial court concluded regarding the "Voluminous Exhibits" that the parties would not agree to produce only certain documents in electronic form.

On December 8, 2022, the court reporter filed a letter with the Court "to confirm the resolutions made with the exhibit issues." In her letter, the court reporter described the agreements "agreed to by all parties" as follows: copies of State's Exhibits 314, 317, and 487 would be sent to the Court on compact discs. State's Exhibits 335–43 and Defense Exhibit 118 would be filed with the Court through the TAMES portal. The originals of State's Exhibits 344, 345, 407, and 486 and Defense Exhibits 92 and 125 would be filed with the Court.

On December 15, 2022, the court reporter filed through the TAMES portal Defense Exhibit 118. On December 19, 2022, the court reporter tendered for filing eighteen compact discs. The discs included the originals of State's Exhibits 344, 345, 407, 486 and Defense Exhibits 92 and 125 and copies of State's Exhibits 314, 317, 335–343, and 487. We note that State's Exhibits 344 and 407 were admitted into evidence for record purposes only and the prosecutor described the video recording admitted as State's Exhibit 407 as "inoperable."

In her letter accompanying the discs, the court reporter represented that the discs were being submitted in physical form "[d]ue to various issues with copying the exhibits, issues with sending through the portal, or incompatible formats…."

The letter indicated State's Exhibits 336 and 338 could not be sent through the portal. There were no specific explanations for the inability to file the other exhibits electronically.

We **ADOPT** trial court findings 1–3 regarding the jury charge and verdict on punishment. The supplemental clerk's record filed on December 9, 2022 includes the copy of the final draft punishment charge and verdict form. We conclude that the record has been supplemented with the punishment charge and verdict form. *See* TEX. R. APP. P. 34.5(e).

We further **ADOPT** trial court findings 19 and 20 showing State's Exhibits 348 and 349, accurately reflect the exhibits admitted under those exhibit numbers at trial. We do not adopt trial court finding 21 finding Defense Exhibit 107 accurately reflects the exhibit admitted under that exhibit number at trial. The record index refers to Defense Exhibit 107 as a "Chart." In the record, the exhibit is not described with specificity as it was introduced, but it was admitted for demonstrative purposes only. In the exhibit volume containing the Defense exhibits, the exhibit corresponding to Defense Exhibit 107 appears be one in a series of crime scene photographs.

We **ADOPT** trial court findings 4, 11, 13, 15, 17, 18 and 22.

In findings 5 and 6, the trial court found the State had copied State's Exhibit 487 and the court reporter had copied State's exhibits 314 and 317. The

trial court found the parties would submit the copies to the Court on discs. On December 19, 2022, the court reporter tendered for filing copies of the exhibits. The Clerk has determined that the copy of State's Exhibit 487 will not play.

It is the court reporter's duty to file the reporter's record, including all exhibits, in electronic format through the Texas Appeals Management and E-filing System records submission portal (TAMES). *See* TEX. R. APP. P. App. C, R. 2; Unif. Format Manual for Tex. Reporter's Recs. § 8 (amended June 28, 2010), https://www.txcourts.gov/media/244178/Uniform-Format-Manual-20100701.pdf. When an exhibit exceeds the maximum file size to pass through the TAMES portal, the court reporter must separate the exhibit into multiple smaller files that meet the TAMES portal's limits. *See* Uniform Format Manual at §§ 8.9, 8.10; Off. of Ct. Admin. TAMES RSP User Guide 8 (2013), https://rsp.txcourts.gov/training/TAMES-RSP-User-Guide.pdf. Physical media can be sent to the appellate court if the appellate court orders the physical item filed. *See* Uniform Format Manual at §§ 8.9. 8.10.

In this case, there has been no showing that State's Exhibits 314, 317, and 487 cannot be separated into smaller files and filed electronically through the TAMES portal. Accordingly, the Court **ORDERS** court reporter Sharina A. Fowler to, within **THIRTY DAYS** of the date of this order, file the contents of State's Exhibits 314, 317 and 487 into the TAMES system, either as entire files

or, if necessary, by compressing or separating the exhibits into multiple files as needed in a way that would accurately depict the original exhibits. In the event that any of these exhibits cannot be filed electronically, we **ORDER** Ms. Fowler to file with the Court, in lieu of the electronic filing ordered above, a signed statement certifying that she is unable to file the exhibit or exhibits electronically and explaining specifically why each exhibit not filed electronically cannot be filed through TAMES.

We **ADOPT** trial court finding 7. In finding 7, the trial court found that State's Exhibits 336 and 338 can be submitted in electronic form as text-searchable, bookmarked pdf documents in a volume. The trial court did not make findings on State's Exhibits 335, 337, and 339–43 but in her December 8, 2022 letter, the court reporter represented that the parties had agreed that State's Exhibits 335–43 would be filed electronically through the TAMES portal. Despite the trial court's finding and the court reporter's representation of the parties' agreement, the court reporter submitted State's Exhibits 335–43 on December 19, 2022 as physical discs. The index to the reporter's record identifies the exhibits as cellphone records and records from Google and Facebook.

The Court **ORDERS** court reporter Sharina A. Fowler to, within **THIRTY DAYS** of the date of this order, file the contents of State's Exhibits 335–43 into the TAMES system as volumes, in text-searchable Portable Document Format

(PDF), preferably by converting the documents directly into PDF files, but as scanned documents if necessary. *See* Uniform Format Manual at § 8.3. In the event that any of these exhibits cannot be filed electronically, we **ORDER** Ms. Fowler to file with the Court, in lieu of the electronic filing ordered above, a signed statement certifying that she is unable to file the exhibit or exhibits electronically and explaining specifically why each exhibit not filed electronically cannot be filed through TAMES.

In finding 8, the trial court found the blu-ray disc admitted into evidence as State's Exhibit 344 can be copied, but it cannot be modified. The parties will note that the Court does not have the capability to review blu-ray discs. Accordingly, to the extent either party considers the contents of the blu-ray disc admitted into evidence as State's Exhibit 344 to be necessary and material to the resolution of the appeal, we **ORDER** the party to file, before the filing of appellant's brief, a motion with the Court objecting to the submission of the appeal without review of the contents of State's Exhibit 344. If no party files a motion regarding State's Exhibit 344, the Court will conclude the contents of State's Exhibit 344 are not necessary and material to the resolution of the appeal.

In finding 9, the trial court found that State's Exhibit 345 is a .kmz file on a disc that can be opened in Google Maps or Google Earth but cannot be modified. In findings 10, 12, 14, and 16, the trial court found that the court reporter could

not copy State's Exhibits 407 and 486 and Defense Exhibits 92 and 125 despite making multiple attempts. The Court **ADOPTS** trial court findings 9, 10, 12, 14, and 16. The Court will accept the originals of State's Exhibits 345, 407, 486 and Defense Exhibits 92 and 125 as part of the record on appeal. *See* Unif. Format Manual §§ 8.9. 8.10.

We **DIRECT** the Clerk of the Court to transmit copies of this order to the Honorable Lela Lawrence Mays, Presiding Judge, 283rd Judicial District Court; to Sharina A. Fowler, official court reporter, 283rd Judicial District Court; and to counsel for the parties.

/s/     ROBERT D. BURNS, III
CHIEF JUSTICE